**SHINGLESLAW**  Attorneys for Plaintiffs
**EVAN S. SHINGLES, ESQ.**
**I.D. No. 88918**
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
(215) 925-2915
Fax: (267) 930-3934
shingleslaw@shingleslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| **KEVIN SHELTON** : | CIVIL ACTION |
| 6650 Edmund Street : | |
| Philadelphia, PA 19135 : | NO. -CV- |
| Plaintiff : | |
| v. : | **COMPLAINT** |
| : | |
| **CITY OF PHILADELPHIA,** and : | |
| **POLICE OFFICER CHRISTOPHER HULMES,** : | **JURY TRIAL DEMANDED** |
| Badge No. 7548, Individually and as a : | |
| Police Officer for the City of Philadelphia : | |
| : | |
| **LAW DEPARTMENT** : | |
| 1515 Arch Street, 14th Floor : | |
| Philadelphia, PA 19102 : | |
| Defendants. : | |

**COMPLAINT**

**INTRODUCTION**

Plaintiff brings this action under 42 U.S.C. §1983 seeking redress for the illegal behavior of former Philadelphia police officer Christopher Hulmes who, by fabricating facts, caused the Plaintiff to be arrested, prosecuted and deprived of his liberty for a crime he knew he did not commit. The acts and conduct of Defendant Hulmes resulted from and were facilitated by the constitutionally deficient policies of the City of Philadelphia, including the failure to take

appropriate disciplinary and remedial actions against Defendant Hulmes, notwithstanding his history of misconduct and repeated abuses of authority, and against the Defendants for conspiring to deprive and depriving him of the rights guaranteed under the United States Constitution both generally and specifically by unlawfully detaining, arresting, prosecuting, and imprisoning him.

## JURISDICTION AND VENUE

This action is brought pursuant to 42 U.S.C.A. §§ 1983, 1985, 1986 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.D.C. § 1367, to hear and decide related claims arising under state law.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1392 (b) (2) because the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

1. Plaintiff, Kevin Shelton (hereinafter "Shelton") is an individual citizen of the Commonwealth of Pennsylvania residing in the City of Philadelphia.

2. Defendant, City of Philadelphia (hereinafter "City") is a government entity and/or political subdivision of the Commonwealth of Pennsylvania organized and existing under and by virtue of laws of the Commonwealth of Pennsylvania which maintains, operates, manages and controls the Police Department of the City which acted by and through its agents, servants and/or employees, including Defendant Christopher Hulmes, and has its offices at City Hall, Philadelphia, Pennsylvania.

3. Defendant Christopher Hulmes (hereinafter "Hulmes") is an agent, servant and/or employee of the City who at all times relevant hereto was a police officer employed by the Philadelphia Police Department acting under color of law. Defendant Hulmes is being sued in his individual capacity.

4. At all times relevant hereto, all Defendants acted under color of law and their actions deprived the Plaintiff of his federal constitutional rights and statutory rights.

## GENERAL ALLEGATIONS

5. At all times relevant hereto, the City acted by and through its agent, servant and/or employee, police officer Hulmes, who at all times relevant hereto purported to act and/or did act under color of state law, within the course of his duties and scope of his employment as the agent, servant and/or employee of Defendant City and its Police Department pursuant to either official policy, custom or practice of the Philadelphia Police Department and/or the City.

6. At all times relevant hereto, Defendant Hulmes acted either negligently, intentionally, maliciously, and/or wantonly under color of state law and authority, and/or color of office, and in reckless, intentional or callous disregard of or indifference to the rights secured to the Plaintiff by federal laws and rules, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

7. At all times material hereto, the City acted by and through its aforementioned agents, servants, employees, and/or policy makers who acted in accordance with and pursuant to governmental customs, patterns, and policies, which included the failure to take disciplinary and remedial action against officers despite repeated documented records of misconduct and multiple reported abuses of authority, and committed constitutionally offensive acts, including

but not limited to the filing of false and baseless criminal charges against law abiding citizens, and the giving of false and perjurious testimony in judicial proceedings, which customs, patterns and policies were known, or in the exercise of reasonable care, should have been known by the Defendant City to have existed for a substantial period of time.

**FACTUAL ALLEGATIONS**

8. On or about March 22, 2012 Plaintiff was approached by Defendant, City of Philadelphia Police Officer Christopher Hulmes and arrested in the vicinity of Amber and Auburn streets in the City of Philadelphia, Pennsylvania.

9. Defendant Hulmes approached the Plaintiff without cause or justification, questioned, illegally detained him and subsequently arrested him on criminal charges relating to drug distribution and weapons offenses despite there being absolutely no evidence of possession of contraband, a weapon and/or a drug transaction.

10. At no time did Defendant Hulmes possess facts sufficient to establish probable cause to question, detain, search and/or arrest Plaintiff, or to conclude that he was engaged in unusual conduct that would lead a police officer to reasonably conclude that criminal activity was afoot and that the Plaintiff was armed and dangerous. Nonetheless, Defendant Hulmes detained Plaintiff, questioned, searched, detained and caused him to be illegally arrested and prosecuted.

11. Notwithstanding the fact that Defendant Hulmes had no legal justification or probable cause to stop, detain and/or arrest Plaintiff, he filed police reports reciting facts that were contrived, manufactured and untrue in an attempt to legitimize his illegal conduct.

12. The false statements and information manufactured by the Defendant Hulmes constituted the entirety of the evidence which was presented to the District Attorney of

Philadelphia to obtain Bills of Information formally charging Plaintiff with drug and weapons offenses.

13. At no time had Plaintiff engaged in any actions or conduct that justified arrest and/or constituted any offense against the laws of either the Commonwealth of Pennsylvania or the United States of America.

14. Rather than risk conviction due to the false statements and information manufactured by Defendant Hulmes, Plaintiff saw no option but to plead guilty to avoid a potential jail sentence.

16. Subsequent to his conviction it became known that Defendant Police Officer Hulmes had committed perjury in 2011 while testifying under oath in a court of law in the City and County of Philadelphia, Pennsylvania when he admitted in open Court that he falsified reports in a drug arrest.

17. Despite this fact the City of Philadelphia continued to use him a witness in criminal trials and risk additional unlawful convictions of the type alleged in the instant matter.

18. On April 23, 2015 Defendant Hulmes pled guilty to Perjury, Tampering with Public Records, Obstruction of Administration of Law, False Swearing, Unsworn Falsification to Authorities and False Reporting.

19. Thereafter, the Defender Association of Philadelphia filed a Post-Conviction Relief Act Petition on behalf of Plaintiff.

20. On October 31, 2017 The Honorable Sheila Woods-Skipper vacated Plaintiff's sentence and ordered a new trial. The case was then nolle prossed by the Office of the District Attorney that same day.

21. Plaintiff was thus fully vindicated due to this favorable termination of proceedings.

22. As a direct and proximate result of the aforementioned unlawful detention and arrest, and the subsequent unlawfully obtained Bills of Information, Plaintiff was subjected to prosecution and/ or incarceration which resulted in the deprivation of his liberty, freedom, and property.

23. As a direct and proximate result of the aforementioned unlawful detention and arrest, and the subsequent unlawfully obtained Bills of Information, Plaintiff was compelled to accept a negotiated plea of guilty for a sentence of incarceration for a term of four to eight years plus probation for two years in order to avoid a more severe sentence of imprisonment.

24. As a direct and proximate result of the aforementioned unlawful detention and arrest, the subsequent unlawfully obtained Bills of Information, Plaintiff sustained severe psychological trauma, pain and suffering and damage to his reputation, some or all of which may be permanent, as well as loss of employment and educational opportunities and the loss of earning capacity.

25. The Defendants engaged in the above described conduct for the purpose of violating federal and state constitutional rights by subjecting him to unlawful arrest, detention and prosecution.

26. The unlawful arrest, detention and prosecution in this case were caused by the City's failure to exercise due care in the selection, appointment, training, retraining, supervision, and discipline and control of its police officer agents, servants and/or employees: in particular, those officers who have engaged in repeated misconduct that has resulted in invasions of constitutional rights.

27. Defendant Hulmes acted willfully, deliberately, maliciously or with reckless indifference to Plaintiff's constitutional and statutory rights.

28. Both Defendants engaged in the aforementioned conduct for the purpose of violating the Plaintiff's constitutional rights by subjecting him to unlawful arrest, detention and prosecution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

29. The averments of Paragraphs 1 through 28, inclusive, of this Complaint are incorporated herein by reference as if they were set forth *in extenso*.

30. As a direct and proximate result of the active and/or passive conduct described herein, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States: Plaintiff's right to be free from false arrest, false imprisonment, unlawful searches, and malicious prosecution, to be secure in one's liberty and property, and to due process and equal protection of the law, all to Plaintiff's detriment and loss. As a result, Plaintiff suffered harm in violation of his rights under the laws and Constitution of the United States: in particular, the Fourth and Fourteenth Amendments.

31. Plaintiff will continue to suffer harm in the future in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

32. As a direct and proximate result of the active and/or passive conduct described herein and committed under color of law, Plaintiff sustained injuries including, but not limited to, excruciating and agonizing mental anguish, humiliation, embarrassment, restraint of liberty and financial loss.

33. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to:

   a. Unjustified, unreasonable use of process by police officers;
   b. Abuse of police powers, including false arrest, malicious prosecution, harassment and improper searches;
   c. Misrepresenting facts in order to establish probable cause where none would otherwise exist;
   d. Arresting and incarcerating citizens without probable cause with no intention of seeking criminal prosecutions;
   e. Psychologically and emotionally unfit persons serving as police officers and;
   f. Failure of other police officers to prevent, deter, report or take action against the unlawful conduct of police officers.

34. Defendant City of Philadelphia has tolerated, encouraged and been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Unlawful detentions, unlawful arrests and malicious prosecutions by police officers;
   b. The proper exercise of police powers, including but not limited to unlawful arrest, unlawful detention and malicious prosecution;
   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;
   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;
   e. The use of their status as police officers to employ unlawful arrests, malicious prosecutions, invocation of the Code of Silence and/or to achieve ends not reasonable or justifiably related to their duties as police officers;
   f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of arrest powers under such circumstances as presented in this case; and
   g. The refusal of police officers to report or provide information concerning the misconduct of other police officers.

35. Defendant City of Philadelphia failed to properly discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other City of Philadelphia Police Officers, thereby encouraging Philadelphia police, including the Defendant officer in this case, to violate the rights of citizens such as Plaintiff's.

36. Defendant City of Philadelphia is deliberately indifferent to the need to train and supervise police officers.

37. Defendant City of Philadelphia is deliberately indifferent to the need to discipline police officers as evident from the fact that the internal mechanism adopted by the Defendant City to insure appropriate oversight of police conduct, the Internal Affairs Division (IAD) of the Philadelphia Police Department, has long proven to be ineffective in imposing meaningful disciplinary and remedial actions thereby allowing the aforementioned unlawful conduct to be repeated.

38. Defendant City of Philadelphia has failed to properly sanction or discipline officers who commit, are aware of and conceal and/or aid and abet constitutional violations by other police officers thereby encouraging police offers to violate the rights of citizens without fear of discipline.

39. Defendant City of Philadelphia has a longstanding history of failing to act to stem the rampant commission of constitutional violations by its police officers for many decades.

40. Defendants have, by the above described actions and omissions, deprived the Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## PUNITIVE DAMAGES

41. The averments of Paragraphs 1 through 40, inclusive, of this Complaint, to the extent they are relevant herein, are incorporated by reference as if they were set forth *in extenso*.

42. The Defendants' willful, intentional, reckless or callous disregard of, or indifference to, the rights of Plaintiff as set forth in the preceding paragraphs of this Complaint, was conduct so outrageous and/or malicious, as to warrant assessment of punitive damages in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiff demands judgment against Defendants for punitive damages and that Defendants be required to pay costs, interest and reasonable attorney's fees.

Dated: 10.30.19

Evan S. Shingles, Esq.
SHINGLESLAW
834 Chestnut St., Ste 206
Philadelphia, PA 19107
Counsel for Plaintiff